# EXHIBIT A

20001952CA - MARKS, DAVID vs. BAY MEDICAL CENTER SACRED HEART HEALTH SYSTEM

## SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| FISHEL, JOHN L II | Circuit Civil | DISCRIMINATION EMPLOYMENT/OTHER |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 20001952CA | 032020CA001952CAXXXX | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 11/25/2020 | 11/25/2020 | ☐ |
| **Total Fees Due:** | **Booking Number:** | **Agency:** |
| 0.00 | | |
| **Agency Report Number:** | **Custody Location:** | **Foreclosure:** |
| | | ACTIVE - 11/25/2020 |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | MARKS, DAVID | |
| DEFENDANT | BAY MEDICAL CENTER SACRED HEART HEALTH SYSTEM | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | | No Events on Case | | |

## CASE DOCKETS

| IMAGE | DATE | ENTRY |
|---|---|---|
| 📄 1 | 11/30/2020 | PAYMENT $410.00 RECEIPT #2020046077 |
| | 11/30/2020 | PLAINTIFF'S ATTORNEY: MATTOX, MARIE A ASSIGNED |
| | 11/30/2020 | JUDGE FISHEL, JOHN L II: ASSIGNED |
| | 11/30/2020 | DIVISION E ASSIGNED |
| 📄 1 | 11/25/2020 | EP - SUMMONS ISSUED - BAY MEDICAL CENTER SACRED HEART |
| 📄 7 | 11/25/2020 | EP - INITIAL COMPLAINT |
| 📄 3 | 11/25/2020 | EP - CIVIL COVER SHEET |
| | 11/25/2020 | CASE FILED 11/25/2020 CASE NUMBER 20001952CA |

Filing # 117303939 E-Filed 11/25/2020 08:19:55 PM

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA

DAVID MARKS,

     Plaintiff,

v.

BAY MEDICAL CENTER SACRED HEART,

     Defendant.

_____/

CASE NO.: ▓▓▓▓ 20001952CA
FLA BAR NO.: 0739685

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

     BAY MEDICAL CENTER SACRED HEART
     C/O HEATH EVENS-PRESIDENT
     615 N Bonita Ave
     Panama City FL 32401

     Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.,** Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301,** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED on _____NOVEBMER 30_____, 2020.

                              CLERK OF THE CIRCUIT COURT

                              By: _Haley Fernandez_____

IN THE CIRCUIT COURT OF THE
FOURTEENTH JUDICIAL CIRCUIT,
IN AND FOR BAY COUNTY, FLORIDA

**DAVID MARKS,**

     **Plaintiff,**

v.

**BAY MEDICAL CENTER SACRED HEART,**

     **Defendant.**

_____/

CASE NO.: 20-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, DAVID MARKS, hereby sues Defendant, BAY MEDICAL CENTER SACRED HEART, and alleges:

## NATURE OF THE ACTION

1.     This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

2.     This action involves claims which are, individually, in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs and interest.

## THE PARTIES

3.     At all times pertinent hereto, Plaintiff, DAVID MARKS, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his actual or perceived disability and/or record of impairment.

4.     At all times pertinent hereto, Defendant, BAY MEDICAL CENTER SACRED HEART, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action.

6.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. This action is timely filed thereafter.

7.      Plaintiff worked for Defendant for more than 1,250 hours in the year immediately preceding his need for leave and was employed with Defendant for more than one year. Defendant employs more than 50 employees within a 75-mile radius.

8.      Plaintiff has satisfied all other conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

9.      Plaintiff, who had an actual or perceived disability and/or record of impairment, began his employment with Defendant on or about August 10, 2015, and held the position of Information Technology Director at the time of his wrongful termination on November 9, 2018.

10.     Despite his stellar work performance during his employment with Defendant, Plaintiff has been subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his actual or perceived disability and/or record of impairment.

11.     The disparate treatment came at the hands of specifically but not limited to Vice President Lonnie Garrison, Chief Operating Officer (COO) Heath Evans, and Interim Chief Financial Officer (CFO) Mark Spafford.

12.     In or around January of 2018, Plaintiff communicated the existence of his disabilities to Defendant. He had been attending doctor's appointments for anxiety, high blood pressure, and hypertension and contacted Defendant when he had doctor appointments. In

2

addition, Plaintiff informed Defendant that he had suffered from renal cell carcinoma in the past and other disabling conditions.

13.     In or around October 7, 2018, then-CFO Ron Patrick and COO Heath Evans wrote Plaintiff a bad review with respect to his work performance. Defendant put together an action plan for Plaintiff to attend to patient's rooms on a more frequent basis.

14.     Shortly thereafter, Panama City Beach was under mandatory evacuation due to the approach of Hurricane Michael. Due to his health conditions, Plaintiff did not feel safe staying in the path of the hurricane and left Florida as did other employees of the Defendant.

15.     In or around October 13, 2018, Plaintiff returned home after evacuating Panama City during Hurricane Michael to find his home destroyed—fallen trees lay on the roof, the doors and windows were broken open, and the pool cage had been swept away. Plaintiff and his wife spent the night sleeping in the house without power or running water, fearing that the roof might cave in on them as they slept.

16.     On October 14, 2018, Plaintiff returned to work with Defendant and Plaintiff was reprimanded for evacuating, stating that as a Director Plaintiff had been required to stay at work during the Category Five hurricane despite his health conditions.

17.     Defendant aggravated Plaintiff's medical condition through the way it treated him in the wake of Hurricane Michael.

18.     On November 5, 2018, Plaintiff had an appointment with his physician. Plaintiff's physician suggested that he take leave under the Family and Medical Leave Act (FMLA) because of his disabling/serious medical conditions.  Plaintiff thereafter contacted Defendant for his FMLA claim number and called Garrison to explain that his doctor suggested he take leave.

3

19.    Garrison, however, refused to allow Plaintiff to take leave. Plaintiff requested a few days off of work and Garrison denied that request as well. Garrison reassured Plaintiff that his job was fine, but ignored Plaintiff's medical needs.

20.    On November 9, 2018, Defendant terminated Plaintiff without severance. Furthermore, Defendant denied Plaintiff a substantial bonus that he had been promised for storm pay and notified Plaintiff that his last day of health insurance coverage would be November 30, 2018.

21.    Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

22.    Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23.    This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

24.    Plaintiff has been the victim of discrimination on the basis of his disability or perceived disability. During the course of Plaintiff's employment with Defendant, he was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

25.    Defendant is liable for the differential treatment and its refusal to accommodate and engage in the interactive process with Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

4

26.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

27.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiff's termination.

28.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or his record of having an impairment under the laws enumerated herein.

29.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

30.     Paragraphs 1 through 21 are re-alleged and are incorporated herein by reference.

31.     This is an action against Defendant for retaliating against Plaintiff due to Plaintiff's use of protected leave time as set forth more fully above. This is thus both an interference and retaliation claim.

32.     After taking leave for serious health conditions, Defendant harassed Plaintiff and took adverse personnel actions against Plaintiff for attempting to use leave time.

33.     Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after requesting protected leave.

34.     Defendant's violations of the FMLA were willful.

35.     As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of employment, as well as the security and peace of mind it provided.  Plaintiff has incurred damages for lost wages, and other damages attendant with the loss of his job.  These damages have occurred in the past, are occurring at present and will continue in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 25th day of November 2020.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

7